Kinsey C. J.
Matthew Covenhoven by his will dated October 8th 176b, bequeathed to his wife the interest of ,£300 and a bed in lieu of her dower, and for her maintainance during her widowhood. If she married again, he directed the ¿£300 to go into the residuum of his personal property, and to be put out at interest, for the benefit of the residuary legatees.
To his sons William and Matthias he devised all his lands in Middleton in fee “ burthened in manner following: — first “ my son William shall have the whole of my lands and mea- “ dow until my son Matthias shall arrive at the full age of “ twenty-one years, to enable him to bring up my said son “ Matthias, and all my children, with proper care of his mo- “ ther my wife, and provide for each of them the comfortable “ necessaries of life and schooling, until they or either of 44 them shall choose to go to trades, or shall otherwise be dis- “ posed of in marriage.” He then gives to his son William some horses, cattle, and farming utensils, and the residue of his personal property, not disposed of, he bequeaths to his two sons Jacob and Peter and his four daughters, to be divided when the sons arrive at the age of twenty-one, and his daughters at the age of eighteen or shall marry. He then orders these portions to be placed out at interest as soon as it can conveniently be done, for the advantage of the children. *211 and directs that if any of the legatees shall die under age, the share to which such deceased would have been entitled, shall survive. The will then orders that the negroes belonging to .‘he testator should continue with the wife, to assist her and her sons, to provide for the support of the family, so long as they behaved themselves well; but if they misbehaved, he direels them to be sold, and the monies arising from the sale to be put out at interest as before.
The testator died in 1765 leaving Daniel Hendrickson and Cornelius Covenhoven bis executors.
The inventory amounted to ^,'1254-15-8| , with which and the interest receiv 'd, amounting to £2SG-5-tl. the executors charge themselves.
The executors after the death of the testator, and whilst Matthias was under age, supplied the wife and children with necessaries for their maintenance to the amount of £">00 out of the personal estate: by this means the personal estate has become diminished, and the question is have they acted justifiably in so doing.
This action is brought by one of the residuary legatees, and the executors allege that having advanced this money for the benefit and support of the children of whom the plaintiff is one, neither he nor they ought to demand it again from them.
The case is not completely staled: it does not appear that the monies thus advanced were distributed equally among the children; and indeed it is impossible for us to presume that their necessities were so exactly similar as to have occasioned so exact a distribution. But supposing it to have been equal, I think it requires no great labour to determine the question.
It i's evident from the whole tenor of the will that the testator made a division of all his property, and a provision for the maintenance of his children which he deemed proper, and perhaps thought adequate. This disposition belonged to him as of right; he intended his children for trades, and, until they commenced their business, he wished that they should be kept together and maintained out of the profits of his pro» perty. He burthens his real estate with their maintenance, i ience the executors had no right to apply Úse personal estate *212 for that purpose, or to expend it in any manner not authorised by the will. The will should have been a law to them, from which they were not warranted in swerving, unless under the directions of the court of chancery, orphan’s court or some such proper judicature. To assume such a power themselves was unjustifiable, and to sanction it would be to say they may-set the will aside, and do what they themselves think expedient or proper. The law gives them no such power: nor ought they to possess it. Neither they nor we, can destroy the will. The report of the auditors therefore disallowing this credit of ,£300 must be affirmed.